The Lincoln Electric Company v. Commissioner.
Lincoln Elec. Co. v. Commissioner
Docket No. 1296.
United States Tax Court
1947 Tax Ct. Memo LEXIS 50; 6 T.C.M. (CCH) 1218; T.C.M. (RIA) 47320; October 27, 1947
LEECH Memorandum and Order LEECH, Judge: This proceeding came on to be heard at Washington, D.C., September 17, 1947, upon respondent's motion for a further hearing for determination of the alternative issue of reasonableness of deductions claimed as ordinary and necessary business expenses pursuant to the opinion and mandate of the United States Circuit Court of Appeals for the Sixth Circuit. Respondent takes the position that the Circuit Court has decided that the payments by petitioner for annuity benefits for its employees and its payment to a so-called employees' trust were allowable as ordinary and necessary business expenses and, having refused to pass upon the question of whether these payments represented compensation and, if so, *51 reasonable compensation, this Court now has jurisdiction to pass upon the question of the reasonableness of the payments as compensation. Petitioner argues that, under the decision by the Circuit Court, there is no issue left for this Court to decide, since it has been specifically held by that Court, upon a review of our decision, that the amounts in controversy are allowable deductions to the petitioner as ordinary and necessary business expenses and that our jurisdiction, under the opinion and mandate of that Court, is limited to a redetermination of the deficiencies with an allowance of such deductions to the petitioner. The question of the reasonableness of the payments as compensation was presented as an alternative issue by the respondent in the proceeding before us and was not passed upon by this Court because our conclusion was that these payments, although made as compensation, did not constitute compensation for services actually rendered but were for services to be rendered in the future by the present or future employees of petitioner. It was the conclusion of this Court that since this compensation did not come within the specific limitation upon deductible compensation *52 payments contained in section 23(a), it was not allowable as a deduction to the petitioner. In reaching its conclusion, this Court had applied the rule laid down by the Supreme Court in , that "It is an old and familiar rule that, 'where there is, in the same statute, a particular enactment, and also a general one, which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment'." Thus we held that the particular enactment for the allowance of compensation payments, limiting them to those payments only which were reasonable in amount and for services actually rendered, precluded the allowance of payments made as compensation unless they fell within this strict limitation and if they fell outside that limitation, they could not be allowed under the general provision of section 23(a) permitting the deduction of business expenses. We have carefully studied the opinion of the Circuit Court upon its review of our decision. *53 It is evident to us that the conclusion of that Court was that the situation here does not justify the application of the cited rule. It seems clear that the decision of the Circuit Court was that the expenditures in issue are allowable deductions as business expenses under the general provisions of the act even if when tested under the specific provision of the statute they might still be found to be unreasonable compensation. We cannot reach any other conclusion as to the meaning of the opinion of the Circuit Court when we consider the specific language used in stating the question presented as being "* * * whether, as a matter of law, the disallowed deductions constituted ordinary and necessary expenses paid by the taxpayer during the taxable years in carrying on a trade or business" and that if "* * * in view of the purpose of section 23(a)(1) they constitute such expenses it will not become necessary to consider whether they are allowable deductions because they constitute compensation for personal services actually rendered * * *." It is accordingly our view that we are without jurisdiction, under the opinion and mandate of the Circuit Court, to consider further any question *54 as to the reasonableness of the contested payments as compensation. The premises considered, it is hereby ORDERED: That our decision entered herein March 26, 1946 that for the year 1940 there are deficiencies in income, declared value excess-profits and excess-profits taxes in the respective amounts of $89,705.04, $18,737.64 and $363,934.27; and for the year 1941, deficiencies in income, declared value excess-profits and excess-profits taxes in the respective amounts of $211,890.17, $98,593.78 and $708,534.79, be and the same is hereby vacated and set aside: and it is further ORDERED: That the proceeding be set for recomputation of the deficiencies under Rule 50.